**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 14-22260-CIV-SEITZ

INGRID AYA,

      Plaintiff,

v.

LAN CARGO, S.A.,

      Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS THE AMENDED COMPLAINT

This matter is before the Court on Defendant's motion to dismiss [DE-14], to which Plaintiff has failed to respond. The Court will grant Defendant's motion.

According to the Complaint, Defendant Lan Cargo, S.A., an international air carrier, agreed to transport Plaintiff's dog Goofy from Miami International Airport to Colombia. But several hours after Plaintiff delivered Goofy, Defendant called her and told her Goofy could no longer travel. When Plaintiff retrieved Goofy from Defendant, she discovered that Goofy had been injured. Plaintiff brings suit under Articles 17 and 18 of the Montreal Convention, alleging that Defendant is responsible for these injuries.

As Defendant correctly notes, Article 17 applies only to injuries to passengers and damage or loss of baggage. Convention for the Unification of Certain Rules for International Carriage by Air, art. 17, May 28, 1999, S. Treaty Doc. No. 106–45, 2242 U.N.T.S. 350 (hereinafter "Montreal Convention"). Plaintiff's dog is neither a passenger nor the baggage of a passenger. Plaintiff's dog was travelling alone and so is considered cargo. Therefore, Plaintiff's claims based on article 17 must be dismissed.

Under Article 18, air carriers are liable for any damage to cargo that took place while the cargo was "in the charge of the carrier." Montreal Convention art. 18(1), (3). Plaintiff alleges that her dog was "in charge of the carrier at the time he sustained his injuries" (Compl. ¶ 20) and so has stated a claim under Article 18. However, Article 29

prohibits the recovery of "punitive, exemplary, or any other non-compensatory damages" for damaged cargo. Montreal Convention art. 29. Moreover, Plaintiff has failed to allege any facts that would support the award of attorneys' fees. Therefore, Plaintiff's prayer for "consequential and incidental losses," punitive damages, and attorneys' fees must be dismissed.

Additionally, Article 22 limits an air carrier's liability for damaged cargo to 17 Special Drawing Rights[1] per kilogram unless there is a "special declaration of interest in delivery at destination," which Plaintiff has not alleged. Montreal Convention art. 22(3). Accordingly, it is hereby

ORDERED that

1)      Defendant Lan Cargo, S.A.'s motion to dismiss [DE-14] is GRANTED.

2)      Count I of the Complaint ("Damage to Baggage Pursuant to Montreal Convention Art. 17") is DISMISSED WITH PREJUDICE for failure to state a claim.

3)      Under Count II ("Damage to Cargo Pursuant to Montreal Convention Art. 18"), Plaintiff's compensatory damages are limited to 17 Special Drawing Rights per kilogram, and she may not seek "consequential and incidental losses," punitive damages, or attorneys' fees.

DONE AND ORDERED in Miami, Florida, this __18th__ day of September, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

---

[1]      As of September 17, 2014, 17 Special Drawing Rights equal approximately $25.53. *International Monetary Fund: SDR Valuation,* http://www.imf.org/external/np/fin/data/rms_sdrv.aspx (last visited Sep. 17, 2014); *see also International Monetary Fund Factsheet: Special Drawing Rights (SDRs),* http://www.imf.org/external/np/exr/facts/pdf/sdr.pdf (last visited Sep. 17, 2014).