UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-22260-CIV-SEITZ

INGRID AYA,

    Plaintiff,

v.

LAN CARGO, S.A.,

    Defendant.

_____/

## ORDER DENYING SUMMARY JUDGMENT

This case arises out of injuries suffered by Plaintiff's pet dog Goofy while in the charge of Defendant Lan Cargo, an international air carrier hired by Plaintiff to transport Goofy to Colombia. Defendant moves for summary judgment on the grounds that Plaintiff failed to provide Defendant with timely written notice of her complaint before filing suit. [DE-17.]

Under Article 31, "no action shall lie against the carrier" unless the "person entitled to delivery" submits a written complaint to the carrier within 14 days of the discovery of the damage. Convention for the Unification of Certain Rules for International Carriage by Air, art. 31, May 28, 1999, S. Treaty Doc. No. 106–45, 2242 U.N.T.S. 350 (hereinafter "Montreal Convention"). According to Defendant, Defendant never received any written notice of claim. (Naranjo Decl [DE-17-1].)

Plaintiff responds that the Miami-Dade Animal Services Department began an investigation around May 8, 2014, one day after Plaintiff discovered Goofy's injuries. Plaintiff believes that the Department provided notice to Defendant in the course of this investigation, and requests that the Court deny summary judgment until after Plaintiff can obtain discovery.

Because Plaintiff disputes whether Defendant received timely written notice, the Court cannot grant summary judgment at this time. "Summary judgment is premature

when a party is not provided a reasonable opportunity to discover information essential to his opposition." *Smith v. Florida Dept. of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013).

However, limited discovery will suffice to resolve this issue conclusively. The Montreal Convention's requirement of written notice is not satisfied by a carrier's actual or constructive knowledge of the damage. *See Onyeanusi v. Pan Am*, 952 F.2d 788, 794 (3d Cir. 1992) (citing *Stud v. Trans Int'l Airlines*, 727 F.2d 880, 883 (9th Cir. 1984). Rather, the "person entitled to the delivery" must provide written notice either directly or through an authorized agent. So if Plaintiff did not provide written notice directly, then Plaintiff can only satisfy this requirement if the Miami-Dade Animal Services Department did so, as Plaintiff's authorized agent, on or before May 21, 2014. A simple request for all written correspondence between the Department and Defendant around that time period will resolve this issue fully. If this discovery does not provide definitive proof that Defendant received the requisite timely written notice, the Court expects Plaintiff to dismiss this case voluntarily.

Accordingly, it is hereby

ORDERED that

Defendant Lan Cargo, S.A.'s motion for summary judgment [DE-17] is DENIED.

DONE AND ORDERED in Miami, Florida, this 24th day of October, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE